JOSEPH R. TAYLOR, President of the Central Bank of the City of New York, v. JAMES STRINGER and others.

In an action on a promissory note against an endorser, the plaintiff, to prove service of notice of protest, called the clerk of the notary, who produced a copy of the protest, at the foot of which was a memorandum in these words: "Served notices of protest at endorsers' offices;" and testified, in substance, that he had no recollection or knowledge respecting the service of notices of protest, except what was

indicated by the memorandum; that he was certain the memorandum was made on the day of the protest, though he had no positive recollection when it was made; that he was confident, from his invariable custom as to serving notices that the notice was served on the day following the protest, though he did not remember the fact independently of his memorandum, &c., &c. The defendants gave evidence strongly tending to disprove the receipt of notice by them.

*Held*, that, upon the whole case, there was not sufficient proof of service of notice of protest within the time required by law to charge the endorsers. (INGRAHAM, F. J., *dissented.*)

The evidence, that the clerk had no recollection of the service, independent of the memorandum, and that the memorandum was in his handwriting, and made in the usual course of business, and within the time stated by him, was sufficient to entitle the plaintiff to read the memorandum in proof of any fact which it would serve to establish; but, giving it the fullest effect, it failed to show *when* the notices were served.

The testimony of the clerk as to the *time* of service was nothing more than the conclusion drawn by him from the memorandum, his custom in serving notices, &c., and was not proof that the service was made within the time required by law.

The recollection of a fact by a witness is one thing, and his being convinced of a fact of which he has no recollection, another; and the former is the only testimony which it is competent for a witness to give—the other is not testimony.

APPEAL by defendants from a judgment upon a verdict. The action was brought upon a promissory note for $600, made by the defendants, William A. Allen and James M. Gray, as co-partners, to the order of the defendant Henry Erben, and endorsed by him and the defendants James Stringer and William A. Townsend.

The answer of defendants Stringer and Townsend denied presentment, and notice to them, of protest; also denied plaintiff's title to the note. On the trial the plaintiffs had a verdict. The defendants Stringer and Townsend took this appeal from the judgment rendered in favor of the plaintiff.

The only question considered upon the appeal was, whether the plaintiff had sufficiently proved service of notice of protest upon the defendants Stringer and Townsend. The nature of the evidence on which he relied is sufficiently stated in the opinion of the court.

*John Graham*, for the appellants, cited *Hunt* v. *Maybee*, 3 Seld.

266; *Lawrence* v. *Barker*, 5 Wend. 301; *Huff* v. *Bennett*, 2 Seld. 337; *Pierson* v. *Boyd*, 2 Duer, 33; *Halliday* v. *Martinet*, 20 Johns. 168; *Hart* v. *Wilson*, 2 Wend. 513; *Nichols* v. *Goldsmith*, 7 ibid. 160; *Seneca County Bank* v. *Neass*, 3 Com. 442; *Ireland* v. *Kip*, 11 Johns. 231; *Stewart* v. *Simpson*, 1 Wend. 376; *Bogart* v. *Morse*, 1 Com. 377; *Labar* v. *Hopkins*, 4 ibid. 547; 1 Grah. and W. on New Tr. 278; 2 ibid. 687; 3 Ohio R. N. S. 406; *Cutler* v. *Carpenter*, 1 Cow. 81.

*James M. Smith*, for the respondent, cited *Lawrence* v. *Barker*, 5 Wend. 301; *Merrill* v. *Ithaca and Owego Railroad Co.*, 16 ibid. 586; 1 Greenl. Ev., §§ 437–440.

DALY, J.—The question in this case is, whether there was sufficient evidence of the service of notice of protest. The clerk of the notary was called by the plaintiff, and produced a copy of the protest, at the foot of which was a memorandum in these words: "served notices of protest at endorsers' offices;" which memorandum he testified was in his handwriting. He further testified that he served notices at the endorsers' offices, as he saw by his memorandum; that he had no positive recollection as to when the memorandum was made; that the certificate of protest was made on the evening of the 13th or the morning of the 14th, but how long after the memorandum was made he could not state, further than that he was certain that it was made the day the certificate of protest was made, or the next. That he could not swear positively that the notices of protest were served on the 14th, but could swear that it was the next day, though there was a possibility of its not being so, but that he would swear to to it; that he was confident of it from his invariable custom; that he did not remember the fact independent of his memorandum; that there was a possibility of its not being so, but he should say that the notices of protest were served on the 14th; that he served them himself, but could only say so from the memorandum; that he served all three of the endorsers, filled out the notices; did not know where he served one of them, Mr.

Erben, unless it was at his place of business, or where he served the others, except at their place of business.

The amount of this testimony is, that, as to the fact of the service of notices of protest, the witness had no recollection or knowledge respecting it except what was indicated by the memorandum. He did swear that he was certain that the memorandum was made the day of the protest, or the next, but admitted, before doing so, that he had no positive recollection when it was made; and admitting the memorandum to have all the force and effect of an original entry, made in the course of business at the time when the witness concluded it was made, still, it is not sufficiently definite to supply what could not be obtained from the defective memory of the witness. It does not state when the service was made, nor with sufficient certainty where it was made. When the case was submitted to the jury, the defendants had furnished about as satisfactory proof as could well be furnished on their part, that no notice had been left at their place of business. They proved by their bookkeeper that any such notice or paper would necessarily go through his hands, because in keeping an account of the note in suit, as of all others, the notice of protest would have come to him, as of any other proceeding connected with this business, and that he had no knowledge that a notice of protest had been served or received at the defendants' place of business. After this proof was in, and before the case was submitted, the defendants asked for a nonsuit upon the whole evidence, and I think, as the evidence stood, that they were entitled to it.

To charge them as endorsers, it was necessary to show that notice of protest had been served on them within the time required by law. The fact that the clerk had no recollection of the service independent of the memorandum, that the memorandum was in his handwriting, that it was an entry in the usual course of the notary's business, and the clerk's conviction that it was made within the time stated by him, was, I think, sufficient to entitle the plaintiff to read the memorandum in proof of any fact that it would serve to establish. *Rex* v. *St. Martin Leceister*,

2 A. & E. 210; *Cleverly* v. *McCullough*, 2 Hill, 445; *Clark* v. *Voice*, 15 Wend. 193; *Merrill* v. *Ithaca and Owego Railroad Co.*, 16 ibid. 586; *Halliday* v. *Martinet*, 20 Johns. 172. And giving it the fullest effect, all that could be proved by it was, that notices were served upon the endorsers at their offices. It does not state when they were served, and in this respect is just as defective as the memory of the witness. The testimony of the clerk, in respect to the time of service, is nothing more than the conclusion he draws from the existence of the memorandum, the time of protest, and his custom in serving such notices. It was no proof of the fact that the service was made within the time required by law, but simply a conclusion formed in his mind from the existence of other facts. If he had any recollection of the circumstance of having served the notices, however fait may have been the impression remaining upon his memory, it would be evidence of the fact to submit to a jury. But he had none. His memory totally failed him. When he saw the memorandum he was convinced that he had made the service, and was willing to swear positively that he had made it on the 14th, but not because the memorandum recalled or revived the recollection of a circumstance which had passed from his memory, but from a conviction in his mind, the result of an operation of reason and judgment. The recollection of a fact by a witness is one thing, and his presuming or being convinced of the existence of a fact, in respect to which he has no recollection, is another. The former is the only testimony which it is competent for a witness to give, the other, upon a fact which is disputed, is no testimony at all. It is the office of the law, or the province of a jury, when the point in dispute is to be exclusively passed upon by them, to draw conclusions from facts, or presume the existence of certain facts from the existence of other facts. In this case neither the court nor the jury would be warranted, upon the facts proved, in drawing the conclusion that notice of protest had been served upon the defendant on the 14th, within which day it was necessary that it should be served to charge the defendants. All that they had before them was the state-

ment of the witness that he was confident of it from his invaria-
ble custom:—or the evidence, or what was proved, may be thus
stated:—a memorandum, under a copy of the protest, in the
handwriting of the notary's clerk, stating that notice had been
served upon the defendants at their office, the absence of all
recollection upon the subject by the clerk, or of any knowledge
respecting this particular act, except that the memorandum was
in his handwriting, and his statement that it was his habit, or, as
he expressed it, his invariable custom, to serve such notices
within the regular time. This would not be enough to author-
ize the jury to presume, as matter of fact, that notice of the dis-
honor of this note had been served on the defendants on the day
after it was protested. The facts relied upon to prove it were
not disputed, so that the legal and logical inference to be drawn
from these facts was matter of law, and all that they can be re-
garded as proving is, that notices were served at the defendants'
offices. The time of such service could be inferred only in the
form of a presumption drawn from the clerk's statement, that it
was his habit to serve such notices within the proper time; and
such a presumption could not be allowed to prevail where it is
positively sworn to, in the defendants' answer, that no notice
of presentment, demand, nor payment of any description was
given to them, and where they have negatived such a presump-
tion by as much proof as they could reasonably be expected in
such a case to furnish. Presumptions are to be formed where
facts are in dispute, when it is fully in the power of the other
party, if the fact is otherwise, to show it. But in this case the
defendants could not show positively that notice had not been
served—for a notice of protest may be served sufficiently to
charge a party without its coming to his knowledge, or the
knowledge of any one at his place of business, or residence. All
that the defendants could do, therefore, as they could not them-
selves be examined as witnesses, unless the plaintiff thought
proper to call them, was to give the best negative evidence
which the nature of the case would admit. This they did; and
giving the same weight to their evidence which is to be given to

the usual habit or custom of the notary's clerk, the negative presumption which it creates is quite as strong as a presumption of service, in this particular case, to be drawn from the usual course and habit of the notary's clerk.

BRADY, J., concurred in the opinion of Judge Daly.

INGRAHAM, FIRST JUDGE (dissenting).—I am still of the opinion I entertained on the trial, that the proof of the service of notice was sufficient to sustain the finding of the jury. The witness had no recollection, and it would be unreasonable to suppose that any witness could recollect the particular service of notices of protest served months or years before. He testified to the fact from the entry made by him, and from his invariable custom to serve such notices either on the day of the demand or the next day.

If the notary is required to have a distinct recollection of every notice served by him in protesting notes, he must be more than human to be able to possess it; and, where the recollection fails, the holder of a note should not be deprived of his remedy, if there is in existence a written memorandum made by the witness, of the correctness of which there is no reasonable doubt.

I think the judgment should be affirmed.

Judgment reversed.